IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CARLOS FOXX**                                                                                    **PETITIONER**

**V.**                                                           **NO. 4:21-CV-1-DMB-DAS**

**SCOTT MIDDLEBROOKS**                                             **RESPONDENT**

## ORDER

On or about January 5, 2021, Carlos Foxx filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Mississippi. Doc. #1. Foxx's petition challenges his 2013 convictions in the Circuit Court of Coahoma County, Mississippi. *Id.* at 1.

The Antiterrorism and Effective Death Penalty Act requires that before a second or successive petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section "2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). While "a district court may dispose of applications lacking authorization through dismissal" for lack of jurisdiction, it may, pursuant to 28 U.S.C. §1631, transfer such a petition to the Fifth Circuit, the court with jurisdiction over the action, "upon a finding that the petition is successive." *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

Foxx has filed at least one unsuccessful § 2254 petition challenging the same convictions

he seeks to challenge here.[1]  *See Foxx v. State of Mississippi*, No. 4:14-cv-85, at Doc. #10 (N.D. Miss. Mar. 24, 2015).  However, Foxx has not obtained authorization to pursue this successive petition.  Therefore, in the interest of justice and judicial economy:

1. The Clerk of the Court shall **TRANSFER** this petition and the entire record of this case to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) & (b)(3)(c), and 28 U.S.C. §1631; and

2. This case is **CLOSED**.

**SO ORDERED**, this 29th day of January, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] In this case, Foxx asserts two claims in his petition for a writ of habeas corpus which appear to be challenges to the conditions of his confinement, rather than challenges to his conviction and sentence. Doc. #1 at 6–9.  The relief Foxx seeks here is vacation of his conviction and release from custody, which are only available through a petition for a writ of habeas corpus.  *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (42 U.S.C. § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures, and a § 2254 habeas corpus petition is the proper vehicle to seek release from custody).  As such, the Court will not consider the two § 1983 claims in this habeas petition.  Foxx may, however, bring those claims in a separate case filed under 42 U.S.C. § 1983.